UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS SANCHEZ                                              :
                Plaintiff,                                :
                                                          :
        -v-                                           :    13 Civ. 3181 (AJN)
                                                          :    ORDER TO SHOW CAUSE
404 PARK PARTNERS, LP and                                 :
SCIAME CONSTRUCTION, LLC                                  :
                Defendants.                               :
------------------------------------------------------------X

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:___ DATE FILED: MAY 29 2013**

ALISON J. NATHAN, District Judge:

      This case has been assigned to me for all purposes. Plaintiff in this case has filed a complaint against Defendants 404 Park Partners, LP and Sciame Construction, LLC. (Dkt. No. 1) For the reasons discussed below, Plaintiff is hereby ORDERED to submit to the Court by June 7, 2013, a letter showing cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**Discussion**

      "A federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue *sua sponte*." *Lotes Co. Ltd. v. Hon Hai Precision Indus. Co. Ltd.*, No. Civ. 7465(SAS), 2013 WL 2099227, at *4 (citing Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (accord)). "[T]he party asserting subject-matter jurisdiction . . . has the burden of proving its existence by a preponderance of the evidence." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 65 (2d Cir. 2012). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the

1

question." *Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir. 1998) (internal citation omitted); *see also Wheeler v. Citigroup,* -- F. Supp. 2d --, 2013 WL 1403527, at *4 (S.D.N.Y. Apr. 08, 2013).

In his complaint, Plaintiff alleges that "[t]he [C]ourt has jurisdiction over [his] claims pursuant to 28 U.S.C. § 1332(a)(1)." (Dkt. No. 1 ¶5) That code section provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Accordingly, "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.,* 251 F.3d 315, 322 (2d Cir. 2001). "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola Del Lungo S.P.A.,* 293 F.3d 579, 581 (2d Cir. 2002). And, pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

The parties' citizenships, as alleged in the complaint, are as follows: (1) Plaintiff was and is a resident of the State of New York, (Dkt. No. 1 ¶2); (2) Defendant 404 Park Partners, LP, was and is a domestic and foreign corporation duly organized and existing under and by virtue of the law of, and with a principal place of business in, the State of Delaware, (Dkt. No. 1 ¶¶3-5); and (3) Defendant Sciame Construction, LLC, was and is a domestic and foreign corporation duly organized and existing under and by virtue of the law of, and with a principal place of business in, the State of New York, (Dkt. No. 1 ¶¶6-8). As alleged, Plaintiff and Defendant Sciame Construction, LLC are both citizens of the State of New York. Consequently, there is not complete diversity between the adverse parties to this action. *See Herrick,* 251 F.3d at 322.

**Conclusion**

For the reasons stated above, Plaintiff is hereby ORDERED to submit to the Court by June 7, 2013, a letter showing cause why this action should not be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* Fed. R. Civ. P. 12(h)(3). Plaintiff should submit this letter pursuant to Rule 1.A of this Court's Individual Practices in Civil Cases and is cautioned that failure to timely respond to this Court's Order **will result in the dismissal of this action** without further warning.

SO ORDERED.

Dated: May 29, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge